FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ DEC 16, 2010
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JIMMY HUNTER,

        Petitioner,

- against -

JOHN BURGE, Superintendent,
Auburn Correctional Facility,[1]

        Respondent.

-------------------------------------------------------------X

**MEMORANDUM AND ORDER**

06-CV-1145 (ENV)

**VITALIANO, D.J.**

Pro se petitioner Jimmy Hunter has filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the writ is denied, and the petition is dismissed.

Hunter was convicted of second degree murder, second degree attempted murder, possession of a weapon, and reckless endangerment. He appealed his conviction to the Appellate Division, Second Department, claiming that the prosecution's remarks in summation were inflammatory and improperly shifted the burden of proof to the defense. The Appellate Division affirmed the conviction. People v. Hunter, 11 A.D.3d 480, 480, 782 N.Y.S.2d 379, 379 (2d Dep't 2004). On November 30, 2004, Hunter's application for leave to appeal was denied by the Court of Appeals. People v. Hunter, 3 N.Y.3d 757, 788 N.Y.S.2d 674, 821 N.E.2d 979 (2004).

Hunter's petition here raises the following claims: (1) denial of a fair trial due to prosecutorial misconduct during summation, which inflamed the jury and improperly shifted the burden of proof onto the defense; (2) ineffective assistance of trial and appellate counsel; (3)

---

[1] The petition named as respondent Glenn Goord, former superintendent of the Auburn Correctional Facility. The caption has been amended to reflect the current superintendent.

insufficiency of the evidence; and (4) trial by a "less than impartial" jury. None survive application of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Petitioner's prosecutorial misconduct claim was decided below on an independent and adequate ground of state law. Hunter never objected to the prosecutor's summation at any point during trial. That was a critical omission, since, as the Appellate Division held, New York law requires contemporaneous objection in order to preserve issues for appellate review. People v. Hunter, 11 A.D.3d at 480 (citing N.Y. Crim. P. Law § 470.05(2)). Failure to comply with the New York contemporaneous objection rule is an independent and adequate state law ground that bars review of the underlying substantive claim of error by a federal habeas court. See Richardson v. Greene, 497 F.3d 212, 217-20 (2d Cir. 2007). Consequently this Court may not review the merits of petititoner's claim of prosecutorial misconduct during summation.

As for petitioner's remaining claims, they were not raised in his direct appeal and are thus procedurally defaulted. Under New York law, along with any matter not ripe for direct appeal, this procedural default can only be overcome by seeking a writ of error coram nobis.[2] See Turner v. Artuz, 262 F.3d 118, 123 (2d Cir. 2001). Though Hunter claims that a coram nobis motion was pending at the time this petition was filed, there is no record support for his contention. On the contrary, respondent's opposition specifically noted that there was no record of a coram nobis application from Hunter (Resp.'s Br. 2), a statement Hunter never acknowledged or challenged; nor has he ever filed any statement that could even remotely be construed as a request for an abeyance in this action to permit him to file a coram nobis application. As of the date of this Order, moreover, Hunter has still not applied for coram nobis or any other state post-conviction relief. Accordingly, petitioner's remaining claims are

---

[2] Coram nobis is the exclusive remedy in New York for ineffective assistance of appellate counsel. See People v. Bachert, 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987).

2

unexhausted and may not serve as bases for granting the writ. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"). Lastly, upon consideration of the record, notwithstanding AEDPA's ordinary course bar to review of petitioner's assignment of error, there is not a hint of Hunter actually being innocent of the charges for which he was convicted.

For all of the foregoing reasons, Hunter's petition for a writ of habeas corpus is dismissed and the writ is denied. Since Hunter has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
December 13, 2010

ERIC N. VITALIANO
United States District Judge